# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**Willie Terry,**
    **Plaintiff,**

vs.                                                                07-1337

**Roger E. Walker, et al.,**
    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants' unopposed summary judgment motions [28] and [32] and the plaintiff's motion for copies of documents and the docket [35].

Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

Background

      The plaintiff filed a complaint naming several defendants. In the court's June 23, 2008, the court found that plaintiff had stated one claim against one defendant, Eddie Jones, under the Eighth Amendment: deliberate indifference to his serious medical needs. On October 24, 2008, the court, sua sponte, added Dr. Sylvia Mahone as a defendant. The plaintiff alleges a claim of deliberate indifference to a serious medical need relating to care and treatment of hepatitis C and HIV. In their separate summary judgment motions, the defendants assert that the plaintiff has not exhausted administrative remedies for his claim of deliberate indifference to his serious medical need relating to care and treatment of hepatitis C and HIV. Defendant Mahone filed her summary judgment motion [28] on December 17, 2008. That same day, the clerk of the court mailed a notice to the plaintiff of the filing that advised him he was to respond within 21 days. On January 7, 2009, a text order was entered noting that the defendant failed to file the affidavit referred to in the motion and directed the defendant to file the affidavit and to ensure that a copy was mailed to the plaintiff. On January 13, 2009, the plaintiff was forewarned and reminded that a failure to respond to the defendant's summary judgment motion shall be deemed an admission of the motion. After Mahone filed the affidavit and certified that she had mailed a copy to the plaintiff [31], sua sponte, the court allowed the plaintiff allowed additional time, up to and including January 30, 2009, to file his response to the Mahone's pending summary judgment motion. See the court's January 13, 2009 order. Then on January 16, 2009, the defendant, Eddie Jones filed a summary judgment motion [32]. That same day, the clerk of the court mailed a notice to the plaintiff of the filing that advised him he was to respond within 21 days.

      When he filed his motion for copies of documents filed in this case, the plaintiff did not submit the fees for the cost of the copies. Therefore, the motion is denied. Plaintiff claims that on January 16, 2009, Officer Sybil and other officers stripped out his cell, took all his legal documents and court proceedings and did not return his legal documents to him. The plaintiff does not advise this court that he has requested that his documents be returned to him; nor does he state that he has filed a grievance for the return of his documents. He just states they were thrown away by Pontiac Correctional Center, but does not advise this court or provide documentation that supports his assertion. The court finds the basis for his motion is suspect as he is now facing a summary judgment motion based on failure to exhaust administrative remedies. The very day that the summary judgment motion is filed, he alleges that on that day, all his legal documents were taken from him and thrown away. Yet he waited until February 19, 2009 to write the motion for copies, asserting he can't respond to any motions because he doesn't have his legal documents, and he waited even longer to file the motion as it was not filed until March 2, 2009. The plaintiff's motion is denied.

**Undisputed Facts**

...
...

1. After an inmate completes the grievance process at the institutional level, the grievances can be sent to the Administrative Review Board for appeal (Anderson Affidavit filed in this case as document number 31).

2. The Administrative Review Board (ARB) reviews appeals of routine grievances that were denied or unable to be resolved at the institutional level (doc 31).

3. Inmates may also grieve some issues directly to the ARB, including the involuntary administration of psychotropic medication, issues regarding protective placement, issues regarding disciplinary proceedings which were made at a facility other than the inmate's current institution, and other issues (except personal property) which pertain to a facility other than the inmate's current institution (doc. 31).

4. After the ARB reviews the grievance or the appeal of a denied grievance, the ARB, as the Director's designee, signs off on the decision made by the Board which completes the grievance process (also acts as designee for the Director, which completes the Department of Corrections' grievance process) (doc 31).

5. Plaintiff did not appeal any grievance on the issues of care and treatment of Hepatitis C or HIV as alleged in this case to the Administrative Review Board (see Affidavit of Terri Anderson filed in this case as document number 31).

Discussion and Conclusion

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. 42 U.S.C. §1997(e)(a). *Perez v. Wisconsin Department of Corrections*,(7th Cir.1999). In *Perez*, the Court held that a suit must be dismissed when administrative remedies have not been exhausted and the "district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Id.* at 8. The *Perez* Court stated that "Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says, rather, that 'no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted'" and held that Perez violated §1997e(a). *Id.* at 5. Additionally, the *Perez* Court held that "§1997e(a) does not require the prison to use the prisoner's preferred remedy" and that "a prisoner cannot avoid §1997e(a) just by limiting his demand in court to money." *Perez*, at 14. Subsequently, the United States Supreme Court clarified Perez, precluded any futility exception, and explicitly held that an inmate seeking only money damages must also exhaust all administrative remedies prior to filing suit. *Booth v. Churner*, 121 S. Ct. 1819 (2001). The Seventh Circuit clarified further that a prisoner's failure to file any appeals available to him in a timely manner is a failure to exhaust with the meaning of 42 U.S.C. § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

The court finds that the defendants' summary judgment motions are unopposed as the plaintiff failed to file a response to the motions by the deadline and did not file a timely motion for an extension of time to file his response. Although he has been provided the opportunity to respond to the defendants' pending summary judgment motions, the plaintiff failed to do so by the required deadlines of January 30, 2009 and February 9, 2009, respectively. To this date he has not filed a response or a motion for extension of time to file a response. The fact before this court is the plaintiff did not appeal any grievance to the ARB. *See* Fact 5 of Defendant's Memorandum of Law [33]. Because Plaintiff did not properly exhaust his administrative remedies, and because exhaustion is required before filing suit, the defendants are entitled to summary judgment.

It is therefore ordered:

1. The plaintiff's motion for copies of documents and the docket [35] is denied.

2. Pursuant to 42 U.S.C. Section 1997e(a); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *and Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999), the defendants' summary judgment motions [28] and [32] are granted only to the extent that the plaintiff's claim is dismissed, without prejudice, for failure to exhaust administrative remedies. This case is closed in its entirety. Any remaining matters are rendered moot.

3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 12th Day of May 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge